IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

R E C E I V E D

APR 1 2 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

TORMU E. PRALL,

    Petitioner,

    v.

DISTRICT COURT,

    Respondent.

Civil Action
No. 14-3376 (AET)

**OPINION**

APPEARANCES:

Tormu E. Prall, Plaintiff Pro Se
#700294B/650739
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

Before the Court is Petitioner Tormu E. Prall's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Petition, Docket Entry 1). For the reasons stated below, the petition shall be dismissed for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner is a convicted and sentenced New Jersey state prisoner presently confined in New Jersey State Prison ("NJSP"), Trenton, New Jersey. On October 21, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

in the Eastern District of Pennsylvania ("Eastern District"). He also filed a motion asking the Eastern District not to transfer his case to the District of New Jersey. (Docket Entry 2). Magistrate Judge Henry Perkin recommended the petition should be transferred to New Jersey as it is the district in which Petitioner is confined. (Report & Recommendation, Docket Entry 6). By order dated May 27, 2014, the Honorable Mitchell S. Goldberg, E.D. Pa., adopted the recommendation and transferred the petition to this District. (Order adopting R & R, Docket Entry 7).

According to the petition, Petitioner has unresolved charges pending against him in Magisterial District 07-1-11, Morrisville, Pennsylvania for burglary, criminal trespassing, theft by unlawful taking, criminal mischief, and receiving stolen property. (Petition ¶ 3). Petitioner contends that as a result of these untried charges, NJSP placed him into the management control unit ("MCU") where he is subject to 24-hour lockdowns, no contact visiting, and limited outdoor and educational program access. (Id. ¶¶ 4-5). Petitioner also alleges he suffers from a variety of ailments, such as panic disorder, extreme anxiety, stress, depression, and boredom, (Id. ¶ 6), as well as public strip searches, (Id. ¶ 11), as the result of being assigned to the MCU. In contrast, he contends prisoners assigned to administrative segregation, purportedly

2

"the most dangerous and violent prisoners," are given more opportunities than those assigned to the MCU like Petitioner. (Id. ¶¶ 7-8).

Petitioner asserts he has submitted several motions to the magisterial district court informing it that "he will continue to suffer the ruthless consequences" of the MCU "if not brought to trial. No corrective action was taken." (Id. ¶ 13). He argues the MCU "is more restrictive than any other form of incarceration in New Jersey," and is excessive and grossly disproportionate to the charges he is facing in Pennsylvania. (Id. ¶ 12, Count II). He asks the Court to order the Pennsylvania courts to either bring Petitioner to trial on his outstanding charges or dismiss them, and to declare NJSP's actions unconstitutional. (Id. at 8).

## II. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce*

3

*v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

## III. **DISCUSSION**

Although Petitioner is a convicted state prisoner in New Jersey, his petition challenges the detainers lodged against him by the Commonwealth of Pennsylvania and their effect upon his conditions of confinement at NJSP. Thus, this is essentially a pretrial petition.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by

4

federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445-46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443.

Petitioners seeking to have out-of-state detainers brought to trial or dismissed must exhaust their remedies under the Interstate Agreement on Detainers ("IAD") in the state lodging the detainer *before* filing a federal habeas petition. Although Petitioner asserts he has petitioned the Magisterial District for relief, (Petition ¶ 13), in order to be deemed exhausted "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959

F.2d 1227, 1230 (3d Cir. 1992). As noted by the Eastern District

magistrate judge, Petitioner has not shown that he has exhausted

his Pennsylvania state court remedies, nor has he demonstrated

extraordinary circumstances. (Report and Recommendation at 2).

He must do so before he may seek relief under § 2241. *See Grant*

*v. Hogan*, 505 F.2d 1220, 1224 (3d Cir. 1974) (holding that

petitioner must demand a trial *and* seek relief from the highest

state court before seeking federal habeas corpus relief); *see*

*also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484

(1973) (holding habeas relief available where a prisoner has

demanded a speedy trial and has exhausted the remedies of the

indicting state); *Mokone v. Fenton*, 710 F.2d 998, 1002 (3d Cir.

1983) ("[A] habeas petitioner seeking a speedy trial in another

state, or seeking to bar prosecution of a charge upon which an

out-of-state detainer is based, must exhaust the remedies of the

state where the charge is pending."). As Petitioner has not

exhausted his Pennsylvania state court remedies, relief under §

2241 is not available to Petitioner at this time.[1]

Petitioner also asks the Court to review NJSP's use of the

detainers in determining Petitioner's conditions of confinement.

"[A] federal district court in the state or district of

---

[1] Once Petitioner exhausts his Pennsylvania state court remedies,
his challenges to the untried charges should be refiled in the
Eastern District. *See Braden v. 30th Judicial Circuit Court of*
*Ky.*, 410 U.S. 484, 498-99 (1973).

6

confinement may entertain by habeas corpus a prisoner's challenge to the adverse effects on the conditions of his confinement resulting from the filing of a foreign detainer." *Norris v. State of Ga.*, 522 F.2d 1006, 1010 (4th Cir. 1975) (citing *Nelson v. George*, 399 U.S. 224 (1970)). Before bringing this claim in federal habeas, however, Petitioner must exhaust *New Jersey* state court remedies. *See Grant*, 505 F.2d at 1223 n.5 (citing *Nelson*).

Nothing in the petition suggests Petitioner has presented his claim to the New Jersey state courts, and there has been no showing of special circumstances warranting federal intervention before said remedies are exhausted. Once Petitioner has presented and exhausted this claim before the New Jersey state courts, he may refile his petition challenging NJSP's use of the detainers in this District.

**IV.  CONCLUSION**

For the reasons stated above, the petition is dismissed without prejudice for failure to exhaust state court remedies.

An appropriate order follows.

4/11/16
Date

ANNE E. THOMPSON
U.S. District Judge